# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND J. LUCIA COMPANIES, INC., and RAYMOND J. LUCIA, SR.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. SECURITIES AND EXCHANGE COMMISSION, JAY CLAYTON, in his official capacity as Chairman of the U.S. Securities and Exchange Commission, and MATTHEW G. WHITAKER, in his official capacity as Acting United States Attorney General,<br><br>Defendants. | Case No. 18-cv-2692 DMS (JLB)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO DISMISS, AND**<br><br>**(2) DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AS MOOT** |

Pending before the Court are Defendants' Motion to Dismiss for lack of jurisdiction,[1] and Plaintiffs' Motion for Preliminary Injunction. The motions have been fully briefed. As discussed below, Defendants' jurisdictional arguments are

---

[1] Defendants include the United States Securities and Exchange Commission ("SEC"), Jay Clayton in his official capacity as SEC Chairman, and William Barr in his official capacity as U.S. Attorney General. On February 14, 2019, William Barr succeeded Matthew Whitaker as U.S. Attorney General. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, William Barr is automatically substituted for Matthew Whitaker as a defendant.

moored to settled and well-reasoned case law. The Court follows those cases, grants Defendants' motion to dismiss and denies as moot Plaintiffs' motion for preliminary injunction.

# I.
# BACKGROUND

## A. Statutory Background

Congress authorized the United States Securities and Exchange Commission ("SEC") to bring civil actions to enforce violations of the Securities Exchange Act of 1934 ("Exchange Act") and regulations promulgated thereunder. The SEC may bring these civil actions in either a federal district court or in an administrative proceeding. *See, e.g.*, 15 U.S.C. §§ 78u(d), 78u-1(a)(1), 78u-3. In an administrative proceeding, the SEC itself may preside over the proceeding, (17 C.F.R. § 201.110), or it "may, and typically does, delegate that task to an ALJ." *Lucia v. SEC*, 138 S. Ct. 2044, 2049 (2018) (citing 15 U.S.C. § 78d-1(a); 17 C.F.R. § 201.110).

When the SEC delegates review, the ALJ holds an evidentiary hearing and renders an initial decision with factual findings and conclusions of law. 17 C.F.R. § 201.360(a)(1), (b). The SEC may review the ALJ's decision, either upon request or s*ua sponte*. *Id.* § 201.360(d)(1). Regardless of whether the ALJ's decision is appealed, the administrative process culminates in a final order issued by the SEC. *Id.* § 201.360(d)(2); *Hill v. SEC*, 825 F.3d 1236, 1238 (11th Cir. 2016). The aggrieved party may then seek judicial review of the final order in a federal court of appeals pursuant to 15 U.S.C. § 78y(a)(1) of the Exchange Act, which "provides a detailed scheme for appellate court review of final Commission orders." *Hill*, 825 F.3d at 1238. Once the aggrieved party files a petition for review, the court of appeals has exclusive jurisdiction to affirm, modify, or vacate the order. 15 U.S.C. § 78y(a)(3).

/ / /

/ / /

### B. Factual Background

Plaintiff Raymond Lucia was a financial planning professional. (Compl. ¶ 16.) He and his company, Plaintiff Raymond J. Lucia Companies, Inc., marketed a retirement savings strategy called "Buckets of Money," under which retirement savings were divided among assets of different risk levels and periodically reallocated as those assets changed in value. (*Id.* ¶ 19.)

On September 5, 2012, the SEC issued an order instituting proceeding ("OIP") against Plaintiffs. (*Id.* ¶ 29.) The SEC alleged that Plaintiffs used misleading presentations to deceive prospective clients and charged Plaintiffs with violating various provisions of the Exchange Act and the Investment Advisers Act of 1940 ("Advisers Act"). (*Id.* ¶¶ 35, 40.) ALJ Cameron Elliot was assigned to adjudicate the case. (*Id.* ¶ 40.) ALJ Elliot had not been appointed by the SEC, but by the Chief ALJ. (*Id.* ¶ 41.) ALJ Elliot issued an initial decision following a hearing on the matter. He concluded Plaintiffs violated the securities law and imposed sanctions. *Lucia*, 138 S. Ct. at 2049–50.

Plaintiffs appealed to the SEC arguing, in part, that the administrative proceeding was invalid because ALJ Elliot had not been properly appointed under the Appointments Clause, and thus lacked constitutional authority to perform his job. *Id.* The SEC affirmed ALJ Elliot's decision. (Compl. ¶ 50.) Plaintiffs then appealed to the D.C. Circuit, which affirmed the SEC's decision. (*Id.* ¶ 54.) Subsequently, the Supreme Court granted certiorari and reversed the D.C. Circuit's decision. (*Id.* ¶ 57.) The Supreme Court held that SEC ALJs are "Officers of the United States," and as such must be appointed by the President, "Courts of Law," or "Heads of Departments" under the Appointments Clause. *Lucia*, 138 S. Ct. at 2055; Art. II, § 2, cl. 2. Because ALJ Elliot had not been properly appointed, the Court held that Plaintiffs were entitled to a new hearing before "a properly appointed official"—specifically "another ALJ (or by the Commission itself)." *Id.*

While the *Lucia* case was pending before the Supreme Court, the SEC issued a general order, which, among other things, ratified the appointment of its ALJs. (Compl. ¶ 61.)[2] On September 12, 2018, ALJ Carol Fox Foelak was assigned to the case. (*Id.* ¶ 94.) Plaintiffs moved to dismiss the proceedings before ALJ Foelak, which was denied. *See Raymond J. Lucia Cos.*, Admin. Proc. Release No. 6628, 2019 SEC LEXIS 1744 (A.L.J.) (July 15, 2019 Order). The hearing is scheduled to commence on March 2, 2020. *See id.*, Admin. Proc. Release No. 6657, 2019 SEC LEXIS 2111 (A.L.J.) (August 16, 2019 Order).

Plaintiffs filed the subject Complaint seeking to enjoin the administrative proceeding before ALJ Foelak on grounds that (1) SEC ALJs have multiple levels of protection against removal which violates Article II of the U.S. Constitution, and (2) the SEC's proceeding "violates its own rules of practice and their mandatory deadlines" and thereby deprives Plaintiffs of due process. (Compl. ¶¶ 100–16.) Plaintiffs contend that because the SEC and its ALJs lack authority to address threshold constitutional challenges, the Court must exercise jurisdiction over these claims.

After Plaintiffs filed their motion for preliminary injunction, Defendants filed an unopposed *Ex Parte* Motion to Stay Proceedings During Lapse in Appropriations, which was granted by the Court. Defendants thereafter filed a Notice of Restoration of Appropriations, and on April 4, 2019, the Court held an informal telephonic conference. The parties informed the Court of ongoing settlement negotiations and requested a further stay pending settlement discussions. The parties also agreed that in the absence of settlement, Defendants would file a motion to dismiss on jurisdictional grounds and the Court could simultaneously address that motion along with Plaintiffs' motion for preliminary injunction. Because the case did not settle, the Court addresses the parties' motions.

---

[2] The Supreme Court in *Lucia* declined to address the validity of the ratification. 138 S. Ct. at 2055 n.6.

## II.

## DISCUSSION

Generally, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, Congress may preclude district court jurisdiction by establishing an alternative statutory scheme for administrative and judicial review. *See, e.g.*, *Elgin v. Dep't of Treasury*, 567 U.S. 1, 9 (2012); *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207 (1994). That is the case here.

Five circuit courts, including the Second, Fourth, Seventh, Eleventh, and D.C. Circuits, have held the federal securities laws create a detailed review scheme that channels all judicial review of SEC administrative proceedings to the courts of appeals, thus precluding district court jurisdiction. *See Bebo v. SEC*, 799 F.3d 765, 768 (7th Cir. 2015) (alleging SEC's administrative proceedings are unconstitutional because ALJs are "protected from removal by multiple layers of for-cause protection" and the proceedings violate due process and equal protection); *Bennett v. SEC*, 844 F.3d 174, 178 (4th Cir. 2016) (alleging SEC's administrative enforcement proceedings are unconstitutional because of multiple layers of protection against removal); *Hill v. SEC*, 825 F.3d 1236, 1239 (11th Cir. 2016) (same); *Jarkesy v. SEC*, 803 F.3d 9, 14 (D.C. Cir. 2015) (alleging SEC's administrative proceedings are unconstitutional because they violate due process and equal protection); *Tilton v. SEC*, 824 F.3d 276, 278–79 (2nd Cir. 2016) (alleging SEC's administrative proceedings are unconstitutional because appointment of ALJs violates Appointments Clause). These courts have declined to enjoin SEC administrative proceedings in the face of constitutional challenges in district courts to the authority of SEC ALJs to preside over those proceedings. Each court held that the statutory review scheme in the federal securities laws precluded district court jurisdiction over the plaintiffs' claims. *See, e.g.*, *Bebo*, 799 F.3d at 775 (stating Congress did not intend for parties "who are already subject to ongoing

administrative enforcement proceedings to be able to stop those proceedings by challenging the constitutionality of the enabling legislation or the structural authority of the SEC"). The Court agrees with these decisions, which dooms Plaintiffs arguments to the contrary.[3]

Plaintiffs also argue this case is distinguishable from *Bebo*, *Bennett*, *Hill*, *Jarkesy* and *Tilton* because those cases "were decided without the benefit of the high court's assessment [in *Lucia*] of the significance and consequence of an unconstitutionally appointed judge[.]" (Pls.' Opp'n at 19.) This argument has been raised before, and rejected by, at least two district courts. *See Cochran v. SEC*, No. 19-066, 2019 WL 1359252, at *2 (N.D. Tex. Mar. 25, 2019) ("[T]hat [the appellate decisions] were decided before *Lucia* … has no impact on the jurisdictional issue at hand…. The [decisions] hold that [plaintiff] must make her constitutional arguments, no matter how meritorious they are, before the SEC and then before the applicable court of appeals."); *Morris & Dickson Co. v. Whitaker*, 360 F. Supp. 3d 434, 444 n.6, 447 (W.D. La. Dec. 28, 2018) ("[T]here is no reason to conclude that any strength of [plaintiff]'s Appointment Clause challenge [on the basis of *Lucia*] alters the question of jurisdiction.").

---

[3] Plaintiffs' principal argument in support of district court jurisdiction rests on *Free Enterprise Fund v. Public Co. Accounting Oversight Bd.*, 561 U.S. 477 (2010). However, *Free Enterprise* has been persuasively distinguished by the circuit courts in *Bebo*, *Bennett*, *Hill*, *Jarkesy* and *Tilton*. For example, the petitioners in *Free Enterprise* had no guaranteed path to judicial review of their claims, while Plaintiffs here are entitled to review of any adverse SEC administrative ruling in the court of appeals. In addition, unlike the petitioners in *Free Enterprise,* Plaintiffs are already respondents in an ongoing administrative proceeding and need not voluntarily "incur a sanction" to raise their constitutional challenges. *See* 561 U.S. at 490; *see also Bennett*, 844 F.3d at 186; *Hill*, 825 F.3d at 1247–48; *Tilton*, 824 F.3d at 288–89; *Bebo*, 799 F.3d at 774; *Jarkesy*, 803 F.3d at 19–20. The ability of an appellate court to vacate an agency's judgment and remand for a new hearing, "although imperfect, suffices to vindicate the litigant's constitutional claim." *Tilton*, 824 F.3d at 285 (citing *Germain v. Conn. Nat'l Bank*, 930 F.2d 1038, 1040 (2d Cir. 1991)).

1 | The Court finds no basis to adopt a holding contrary to the decisions of the circuit and district courts above.  This Court lacks jurisdiction.

### III.

### CONCLUSION

For these reasons, the Court GRANTS Defendants' Motion to Dismiss and DENIES as moot Plaintiffs' Motion for Preliminary Injunction.

**IT IS SO ORDERED.**

Dated:  August 21, 2019

                                        Hon. Dana M. Sabraw
                                        United States District Judge